UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID LEVINE, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:11-cv-00590 |
| v. | ) ) | |
| GLOBAL CASH NETWORK, INC., an Illinois corporation, | ) ) ) | |
| Defendants. | ) ) | |

**JOINT STATUS REPORT**

| Plaintiff's Counsel: | Defendant's Counsel: |
|---|---|
| Jay Edelson | Patrick C. Keeley |
| William C. Gray | Thomas A. Jackson |
| Ari J. Scharg | Christine McKillip |
| Edelson McGuire, LLC | Piccione, Keeley, & Associates, LTD. |
| 350 North LaSalle Street, | 122C S. County Farm Road |
| Suite 1300 | Wheaton, Illinois 60187 |
| Chicago, Illinois 60654 | (630) 653-8000 |
| (312) 589-6370 | |

**1.  Summary of Claims and any Counterclaims**.

Plaintiff alleges that Defendant failed to comply with the notice requirements of the Electronic Funds Transfer Act ("EFTA"), specifically 15 U.S.C. § 1693(b)(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and others similarly situated.  EFTA requires that an ATM operator disclose: (a) on the ATM, that a fee will be imposed; and (b) on the ATM screen, that a fee will be imposed and the amount of such a fee.  Here, Plaintiff alleges that there was no fee notice posted on the subject ATM when he used it to withdraw money on January 4, 2011.  Notwithstanding the absence of a fee notice, Plaintiff alleges that he was charged a $3.00 fee.

**2.  Answer and Affirmative Defenses.**

Admissions:

Defendant admits that it is the owner of the ATM at issue and received a portion of the $3.00 fee.

Affirmative Defenses:

1. U.S.C. § 1693(h)(d) provides complete defense because the fee notice posted on the ATM was removed, damaged or altered by persons other than the Defendant. Defendant's position is that the photographic evidence is that prior to January 4, 2011 (i.e. September 14, 2010), Defendant had posted a notice, which had a significant adhesive on it, on the automatic teller machine in a prominent and conspicuous location stating that a fee will be imposed for providing electronic funds transfer services or for a balance inquiry.

   It is Plaintiff's position that Defendant's photograph from September 14, 2010 is insufficient to demonstrate that the fee notice was "removed, damaged, or altered by persons other than the Defendant."

2. Plaintiff suffered no actual damages because Defendant provided notice that a fee will [may] be imposed for providing electronic fund transfer services or for a balance inquiry on the screen of said ATM.

   It is Plaintiff's position that Defendant's on-screen fee notice was insufficient under 15 U.S.C §1693(d)(3)(C) and 12 C.F.R. § 205.16(e).

3. 15 U.S.C. § 1693(m)(c) provides:

   "Unintentional violations; bona fide error. Except as provided in section 1693h of this title, a person may not be held liable in any action brought under this section for a violation of this subchapter if the person shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonable adapted to avoid any such error."

   In the alternative, if the automatic teller machines identified in Plaintiff's Complaint lacked a posted notice on the date alleged, any violation of the EFTA and Regulation E was not intentional and was the result of a bona fide error despite the maintenance of procedures reasonable adapted to avoid such error.

   It is the Defendant's position that its photographic evidence establishes that a fee sticker notice was on the ATM on September 14, 2010 and that Defendant's service and maintenance records demonstrate that the notice was securely affixed to the ATM through at least December 23, 2010. In addition, the sticker was subsequently removed by a third party prior to January 17, 2011 and then replaced on January 17, 2011 by Defendant as established by a subsequent January 17, 2011 photograph. Accordingly, even in the event the notice was missing, it was missing for no more than three (3) weeks involving about 400 transactions.

2

>It is Plaintiff's position that Defendant failed to implement and maintain reasonable procedures to ensure that a fee notice was properly affixed to the subject ATM. Furthermore, it is Plaintiff's position that Defendant's evidence is insufficient to demonstrate that a fee notice was properly affixed to the subject ATM on December 23, 2010.

4. Defendant's actions with respect to the automatic teller machine identified in Plaintiff's Complaint were in good faith compliance with the Board's rules and regulations (15 U.S.C. § 1693(m)(c)).

   >It is Plaintiff's position that Defendant's actions were not in good faith compliance with the Board's rules and regulations.

5. Plaintiff(s) failed to mitigate damages.

   >It is Plaintiff's position that this affirmative defense is irrelevant to Plaintiff's request for statutory damages.

6. As a result of the timing of the alleged violation in this case, class certification is not appropriate.

   >It is Plaintiff's position that this affirmative defense is vague and, consequently, Plaintiff is unable to respond to its merits at this time.

**3.  Relief Sought By Plaintiff.**

Plaintiff seeks actual and statutory damages, and, if successful in this action, reasonable attorneys' fees and costs. Plaintiff also seeks pre- and post- judgment interest and injunctive and/or statutory and/or declaratory relief as is necessary to protect the interests of the Plaintiff and the punitive class.

Under the EFTA, Defendant's maximum liability in an individual action is $1,000.

Under the EFTA, Defendant's maximum liability in a class action is $500,000 or 1% of the Defendant's net worth, whichever is lesser. It is the Defendant's position that it has a nominal net worth, which is disputed by Plaintiff.

**4.  Matters Referred to the Magistrate Judge.**

On June 2, 2011, Judge Hart referred this matter to Judge Gilbert for settlement conference. A copy of the referral order is attached as Exhibit 1.

**5.  Status of Briefings.**

None

**6.     Discovery Matters.**

Case was not referred for discovery matters.

**7.     Discovery Cutoff.**

There is no discovery cutoff in place, date for following a pretrial order, or a trial date.

**8.     Discovery of Electronically Stored Information.**

Issues concerning ESI are not relevant for purposes of the settlement conference referred to the Magistrate Judge.

**9.     Magistrate Judge Consent.**

At this time, the parties do not consent to proceed before the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**10.    State of Settlement Discussions.**

The parties have discussed settlement and settlement discussions are ongoing. The settlement discussions have included correspondence, telephone conversations and Offers of Judgment. The parties have agreed in principal concerning the payment to the Plaintiff, but there still remain open issues concerning relief to the potential class members on the underlying claim and payment of reasonable attorney's fees. It is Plaintiff's counsel position that discussions of attorneys' fees prior to agreement on the underlying class claims are inappropriate. It is Defendant's position that negotiation of all issues concerning settlement, including Plaintiff's reasonable attorneys' fees, is appropriate, particularly in a settlement conference before the Magistrate Judge, and where the damages in dispute are, in Defendant's view, nominal.

Respectfully submitted,                                          Respectfully submitted,


By: /s/ Ari J. Scharg                                            By: /s/ Thomas A. Jackson
Ari J. Scharg                                                    Thomas A. Jackson
Edelson McGuire, LLC                                             Piccione, Keeley, & Associates, Ltd.
350 North LaSalle Street, Suite 1300                             122C S. County Farm Road
Chicago, Illinois 60654                                          Wheaton, Illinois 60187
(312) 589-6370                                                   (630) 653-8000

*Attorney for Plaintiff and the putative class*                  *Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

  I, Ari J. Scharg, an attorney, certify that on June 9, 2011, I served the above and foregoing ***Joint Status Report*** by causing true and accurate copies of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this the 9th day of June, 2011.

                /s/ Ari J. Scharg